```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```
_____

HOME DESIGN SERVICES, INC.,        )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )
                                   )       No. 03-2742 Ma/A
GREAT AMERICAN HOMES OF MEMPHIS,   )
LLC, et al.,                       )
                                   )
    Defendants.                    )
                                   )
_____

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND AFFIRMING
              MAGISTRATE JUDGE'S ORDERS**
_____

    On November 14, 2005, Plaintiff filed a Motion to Compel and for Sanctions, asking the court to compel Defendants Robert and Jeffrey Hirsch to respond to its second request for production and requesting that the court order Defendants to pay Plaintiff's reasonable fees and costs for filing the motion. Defendants responded on November 28, 2005. On February 2, 2006, the magistrate judge issued its Order Granting Plaintiff's Motion to Compel. The magistrate judge deferred decision on Plaintiff's request for fees and costs. The order stated that Plaintiff could submit an affidavit requesting fees and expenses for the preparation and filing of the motion within twenty days of the order. Defendants were given twenty days to oppose the request

1

for fees if Plaintiff chose to file.

Plaintiff did file an affidavit on February 21, 2006, requesting fees in the amount of $2,900.00. Defendants did not respond within 20 days, and therefore, on March 15, 2006, the magistrate judge issued its Order Directing Payment of Plaintiff's Fees, Costs and Expenses, directing Defendants to pay Plaintiff the sum of $2,900.00. On March 28, 2006, Defendants filed a Notice of Objection to Magistrate's Order on Motion to Compel and for Sanctions, which included objections to both the February 2, 2006, and March 15, 2006, orders of the magistrate judge. In response, Plaintiff filed a Motion to Strike/Response to Defendants' notice on April 10, 2006. Defendants responded to Plaintiff's motion on April 28, 2006. For the following reasons, Plaintiff's Motion to Strike is DENIED and the February 2, 2006, and March 15, 2006, orders of the magistrate judge are AFFIRMED.

Plaintiff asserts that the court should strike Defendants' objections as untimely because they were filed more than ten days after the magistrate judge issued its February 2, 2006, order. Fed. R. Civ. P. 72(a) requires a party to file any objections to a magistrate judge's order within 10 days of receiving the order. Plaintiff is correct that, to the extent that Defendants' notice is an objection to the February 2, 2006, order, it is untimely. Defendants' notice, however, also includes their objections to the March 15, 2006, order of the magistrate judge, which are not

2

untimely. Therefore, the court denies Plaintiff's Motion to Strike Defendants' notice. The court also denies Defendants' objections to the magistrate judge's February 2, 2006, order as untimely and affirms the Order Granting Plaintiff's Motion to Compel.

Defendants assert that the magistrate judge's Order Directing Payment of Plaintiff's Fees, Costs and Expenses is clearly erroneous because the award of $2,900.00 is clearly excessive. This court may reject the magistrate judge's decision about a nondispositive matter only if that decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). See Massey v. City of Ferndale, 7 F.3d 506, 509 (6th Cir. 1993). A decision is clearly erroneous when the court "is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). "[T]he clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999)(citing Heights Community Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985)).

Plaintiff's attorney attested that his law firm spent 14.5 hours on its November 11, 2005, motion, billed at $200 per hour,

for a total of $2,900.00. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Defendants do not dispute the reasonableness of a $200 hourly rate, but they assert that 14.5 hours is not a reasonable amount to time to have spent on a motion to compel. Defendants also note that the affidavit of Plaintiff's attorney did not include any detail to explain how the 14.5 hours was spent. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434.

   Defendants could have raised these objections to Plaintiff's request for fees before the magistrate judge issued its order. They were given twenty days to do so, but did not. Given the information provided to the court when it handed down its order, the magistrate judge's decision was not clearly erroneous. Therefore, the magistrate judge's Order Directing Payment of Plaintiff's Fees, Costs and Expenses is affirmed.

For the foregoing reasons, Plaintiff's Motion to Strike is DENIED, and the February 2, 2006, and March 15, 2006, orders of the magistrate judge are AFFIRMED.

So ordered this 4th day of May 2006.

s/Samuel H. Mays, Jr.

SAMUEL H. MAYS, JR.

UNITED STATES DISTRICT JUDGE